# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DOM WADHWA,
   Appellant,

  v.

DEPARTMENT OF VETERANS
 AFFAIRS,
   Agency.

DOCKET NUMBER
PH-1221-16-0001-W-1

DATE: July 13, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Dom Wadhwa</u>, Moorestown, New Jersey, pro se.

<u>Lauren Russo</u>, Esquire, Philadelphia, Pennsylvania, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal without prejudice to refiling. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2          The procedural history of this appeal is as follows.  The appellant filed an appeal on March 23, 2015, alleging that the agency committed prohibited personnel practices and reduced his performance pay for fiscal year (FY) 2014 in reprisal for making protected disclosures.  *Wadhwa v. Department of Veterans Affairs*, MSPB Docket No. PH-3443-15-0266-I-1, Initial Appeal File (IAF), Tab 1 at 5-6.  The appellant also alleged that the reduction was in retaliation for his equal employment opportunity activity.  IAF, Tab 1 at 6, Tab 10, Initial Decision (ID) at 1-2 n.1.  The administrative judge dismissed the appeal for lack of jurisdiction finding that the appellant had filed a premature IRA appeal because he failed to exhaust his administrative remedies before the Office of Special Counsel (OSC).  ID at 4.  The appellant filed a petition for review of that initial decision, and he submitted proof of exhaustion.  *Wadhwa v. Department of Veterans Affairs*, MSPB Docket No. PH-3443-15-0266-I-1, Petition for Review File, Tab 1 at 15.  The Board determined that his appeal was ripe and forwarded the appeal to the regional office for adjudication as an IRA appeal.  *Wadhwa v. Department of Veterans Affairs*, MSPB Docket No. PH-3443-15-0266-I-1, Final Order (Sept. 30, 2015).

¶3    During the proceedings on his IRA appeal, the appellant raised a new claim of whistleblower retaliation alleging that the agency also reduced his FY 2015 performance pay. *Wadhwa v. Department of Veterans Affairs*, MSPB Docket No. PH-1221-16-0001-W-1 (W-1 AF), Tab 19. The administrative judge held a conference call and informed the parties that the appellant could not raise this claim before the Board until he exhausted his remedies with OSC as to that issue. W-1 AF, Tab 20, Initial Decision (W-1 ID) at 1-2. The appellant stated his intention to pursue the matter before OSC, and the parties agreed that the administrative judge would dismiss the appeal without prejudice to allow the appellant's new claim to be heard with the other claims he raised in his IRA appeal. W-1 ID at 2.

¶4    After the administrative judge dismissed the appeal without prejudice to refiling, the appellant filed a timely petition for review arguing the merits of his appeal and requesting a ruling on a motion to compel discovery. Petition for Review (PFR) File, Tab 1. On review, he also submitted proof that he filed a complaint with OSC on March 28, 2016, concerning his FY 2015 performance pay reduction. PFR File, Tab 4 at 10-24.

## DISCUSSION OF ARGUMENTS

¶5    The Board has held that a dismissal without prejudice to refiling is a procedural option that is left to the sound discretion of the administrative judge. *See Milner v. Department of Justice*, 87 M.S.P.R. 660, ¶ 13 (2001). The administrative judge dismissed the appeal without prejudice upon finding that the appellant had not yet exhausted his administrative remedies with OSC concerning his FY 2015 performance pay reduction claim. W-1 ID at 2. The administrative judge found that dismissing this appeal without prejudice was appropriate and that the dismissal would conserve the resources of the parties and avoid a lengthy delay. *Id*. The administrative judge directed the appellant to promptly file his OSC complaint regarding the FY 2015 performance pay and to refile this appeal

within 30 days of receipt of written notice from OSC that it was closing its investigation into his complaint and/or that he had the right to file a Board appeal. *Id*. The administrative judge stated that, if the appellant did not refile his appeal within 90 days of the date of the initial decision's issuance, the Board would automatically refile it. *Id*. The administrative judge further stated that, if OSC pursues an investigation into the appellant's complaint regarding the FY 2015 performance pay, the appellant may wait for the results of the investigation and need not refile the appeal prior to the date that the Board refiles it. W-1 ID at 2 n.*.

¶6 Although on review the appellant submits proof that he filed an OSC complaint on March 28, 2016, concerning his FY 2015 performance pay reduction, he has not shown that he has exhausted his administrative remedies with OSC concerning this claim. PFR File, Tab 4 at 10, 25. Specifically, the appellant offers no evidence that he received notification that OSC has terminated its investigation into his March 28, 2016 complaint, and 120 days have not elapsed since he filed this complaint with OSC. Moreover, the appellant does not specifically dispute the administrative judge's decision to dismiss his appeal without prejudice to refiling after he exhausts his remedies with OSC concerning his FY 2015 performance pay reduction claim. *See* PFR File, Tab 1. Because the appellant has not shown any error in the administrative judge's decision to dismiss this appeal without prejudice, we deny the petition for review.

¶7 Accordingly, as set forth in the initial decision, in order to be considered timely, the appellant must refile this appeal within 30 days of receipt of written notice from OSC that it is closing its investigation into his complaint and that he has a right to file a Board appeal. Further, if the appellant has not refiled this appeal within 90 days after the date of this Final Order, the regional office will automatically refile it. If OSC pursues an investigation into the appellant's complaint regarding FY 15 performance pay, the appellant may wait for the

results of the investigation and need not refile the appeal prior to the date the regional office refiles it.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS[†]

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

---

[†] The initial decision did not afford the appellant notice of appeal rights under the Whistleblower Protection Enhancement Act of 2012. We have provided notice of such appeal rights herein.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode/htm.  Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.  Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.